Henry A. Hudson, J.
The defendant has moved pursuant to rule 106 of the Rules of Civil Practice to dismiss the plaintiff’s complaint upon the ground that the same does not state facts sufficient to constitute a cause of action.
The first cause of action set forth in the complaint, after first alleging that an agreement had been entered into between the parties June 1, 1957 under which the defendant was to charge 10% interest for moneys to be advanced to the plaintiff, further alleges that between June, 1957 and May, 1960 the plaintiff received certain advances of money from the defendant but that the plaintiff never received an accounting for moneys paid to the defendant by the plaintiff and by others for whom the plaintiff had performed services. As a result of these allegations, the plaintiff demands an accounting of all transactions between the parties from June, 1957 until May, 1960. In the first cause of *342 action there is no allegation of any facts to substantiate the conclusions drawn by the plaintiff and there is no allegation that the defendant is indebted to the plaintiff in any amount or that the plaintiff had repaid or overpaid the advances alleged to have been made by the defendant. In fact there are no facts at all alleged from which it could be concluded that the defendant was in any way indebted to the plaintiff or that the plaintiff was entitled to an accounting from the defendant. It would appear, therefore, that the first cause of action alleged in the complaint does not state facts sufficient to constitute a cause of action.
The .second cause of action alleges that the defendant charged the plaintiff a sum of money exceeding 6% per annum as interest on moneys advanced and that said charges were usurious and, therefore, null and void and further that the plaintiff elects to have the interest charges so made by the defendant to him declared null and void according to the General Business Law of the State of New York. No provision of the General Business Law has been called to the attention of the court authorizing such relief.
Reference apparently is made to section 372 of the General Business Law, which reads as follows: “ 372. Recovery of excess. Every person who, for any such loan or forbearance, shall pay or deliver any greater sum or value than is above allowed to be received, and his personal representatives, may recover in an action against the person who shall have taken or received the same, and his personal representatives, the amount of the money so paid or value delivered, above the rate aforesaid, if such action be brought within one year after such payment or delivery. If such suit be not brought within the said one year, and prosecuted with effect, then the said sum may be sued for and recovered with costs, at any time within three years after the said one year, by any public welfare official of the town where such payment may have been made, or by any county commissioner of public welfare of the county, in which the payment may have been made.” (As amd. by L. 1941, ch. 39, § 36, eff. March 3, 1941.) The period of time set forth in the complaint during which the plaintiff intimates that the usurious advances were made between June, 1957 and May, 1960. The plaintiff’s complant was verified March 7, 1961 so that on its face with the possible exception of a two-month period, none of the transactions referred to in the complaint would come within the one-year statutory period of limitation specified under section 372 of the General Business Law. Furthermore section 372 presupposes the payment by the *343 aggrieved party of an excessive rate of interest over the statutory limit of 6% and authorizes the recovery only of such excess. An allegation of the actual payment of the excessive interest is required before a cause of action is set forth and the right of recovery is limited to the amount of the excess. Assuming, therefore, that the second cause of action is based on the right of recovery authorized by section 372 of the General Business Law, a cause of action is not set forth.
The defendant’s motion is, therefore, granted. The plaintiff’s complaint is dismissed upon the condition, however, that the plaintiff may within 20 days after the service of a certified copy of the order granting this motion, have the privilege of serving an amended complaint upon the defendant setting forth a sufficient cause of action. In the event of the plaintiff’s failure to serve such an amended complaint, the cause of action set forth in the original complaint may be deemed dismissed upon the merits.